UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CRICKET COMMUNICATIONS, INC., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | NO. 3:09-0128 |
| | ) | Judge Trauger/Brown |
| TALK TIL YOU DROP WIRELESS, INC., | ) | |
| | ) | |
| Defendant | ) | |

**TO: THE HONORABLE ALETA A. TRAUGER**

### REPORT AND RECOMMENDATION

The Plaintiff in this case has filed a motion for attorneys' fees and expenses (Docket Entry 111). For the reasons stated below, the Magistrate Judge recommends that this application be approved in part, and denied in part. In particular, the Magistrate Judge recommends total fees and expenses against the respondents be allowed in the amount of $218,810.35 for civil contempt. As prevailing party the Plaintiff should be awarded $21,705.04 against Talk Til You Drop for necessary actions to enforce the Premier Dealer Agreement.[1]

### Background

This case began February 9 of 2009, with a complaint against Talk Til You Drop Wireless (TTYD), along with a motion for a temporary restraining order and preliminary injunction by Cricket Communication, Inc. (Cricket) (Docket Entry 2). A temporary

---

[1] Sam Deb may be liable for these fees and expenses as a guarantor of the Premiere Dealer Agreement (see Docket Entry 32 Page 7-8), however the only named defendant in the complaint is TTYD.

restraining order was issued on February 11, 2009 (Docket Entry 18), enjoining TTYD from further violation of the Premier Dealer Agreement.

On March 2, 2009, after a hearing, the Court issued a temporary injunction (Docket Entry 32) which enjoined the Defendant and their affiliates, including any other person, corporation, or entity that is directly or indirectly an employee, officer, shareholder, agent, or successor of Defendant, including, without limitation, Jabberjaw Wireless, LLC and any person or entity acting in concert with them from directly or indirectly contracting to sell or promoting to sell, any wireless telephone or wireless internet data service for a period of at least six months from termination of the Premiere Dealer Agreement on February 9, 2009, within a two mile radius of a list of 23 stores in New York State. The injunction further prohibited the same group from attempting to get current or prospective Cricket customers to curtail or cancel its business with Cricket or otherwise soliciting these Cricket customers for a period of three years after the termination of the Premiere Agreement on February 9, 2009.

After the issuance of the preliminary injunction, Cricket filed a motion for contempt and sanctions (Docket Entry 52). As a result of this motion, after a referral by the District Judge (Docket Entry 70), the Magistrate Judge conducted a two day hearing on the motion for contempt and a separate motion to convert the

preliminary injunction (Docket Entry 32) to a permanent injunction (Docket Entries 81 and 82).

As a result of the hearing, on July 7 and 8, 2009 (Docket Entry 99 and 100), the Magistrate Judge issued a report and recommendation (Docket Entry 102), which recommended that the preliminary injunction be converted into a permanent injunction and that the injunction run for six months from July 6, 2009, and that the respondents be found in civil contempt and be liable for reasonable attorneys' fees and expenses.

None of the respondents filed any objections to the report and recommendation.

The report and recommendation was approved by the District Judge, the preliminary injunction was converted into a permanent injunction that would remain in effect for six months from July 6, 2009 (Docket Entries 105 and 106), and further found Mike Deb, Sam Deb, Chit Chat Wireless and Essa Tadrus in civil contempt for violation of the preliminary injunction issued on March 2, 2009. The respondents were found to be jointly and severally liable for reasonable attorneys' fees and expense incurred by the Plaintiff in prosecuting the contempt proceedings. The Plaintiff was directed to file affidavits, time records, and expense records within 20 days of September 1, 2009, to claim fees and expenses.

Following the issuance of these orders, on September 1, 2009, counsel for Sam Deb and TTYD were allowed to withdraw (Docket Entries 120 and 124). Out of an abundance of caution the Magistrate Judge had notices of the report and recommendation and Judge Trauger's order adopting the report and recommendation and the permanent injunction, as well as the motion for attorneys' fees, be sent to Sam Deb, Mike Deb, Essa Tadrus, as well as the original respondents (Docket Entry 121). As of the date of this report and recommendation no response to the motion for attorneys' fees and expenses have been filed by any of the respondents.

**Legal Discussion**

In their memorandum accompanying their application for fees and expenses (Docket Entry 112), the Plaintiff correctly sets out the law. In their application they have broken out fees and expenses which they attribute to the contempt proceedings, as well as fees and expenses which they contend they are entitled to under the terms of the Premiere Dealer Agreement. In particular, the Premiere Dealer Agreement at paragraph 13(c), specifically provides for allowing actual costs, expenses, and attorneys' fees incurred by prevailing parties in connection with actions to enforce or interpret the Premiere Dealer Agreement (Docket Entry 112, p. 6).

None of the respondents have filed any objections to the costs and fees claimed by Plaintiff. Under Local Rule 54.01 they were required to file any response with objections within 10 days. That time has long since expired and the Magistrate Judge has taken

4

care to insure that the respondents were notified of Plaintiff's claims for fees and expenses. Under Local Rule 7.01 failure to file a timely response shall indicate that there is no opposition to the motion.

Nevertheless, the Magistrate Judge has reviewed the application since the Court has an obligation to insure that the request is in fact reasonable and proper.

One of the problems the Magistrate Judge had in reviewing the application was determining the amount claimed for the actual preparation of the fee application. While it is true that fees included in the preparation of the fee application is compensatable, there are limitation. *See Coulter v. State of Tennessee*, 805 F.2d 146 (6th Cir. 1986), *Gonter v. Hunt Valve Company*, 510 F.3d 1610 (6th Cir. 2007), and *Auto Alliance International v. U.S. Customs Service*, 155 Fed. App. 226 (6th Cir. 2005). These cases, in general, limit an award for preparation of the fee application to between 3% and 5% of the total attorneys' fee award, absent unusual circumstances.

This application does not break the expenses in preparation the fee application out separately. The Magistrate Judge has reviewed the fee application to attempt to determine the amount of costs involved for the actual application itself. It appears that this amount is slightly under $6,000, thus it does not exceed the 3% *Coulter* guideline and should be allowed.

5

The Magistrate Judge also considered the inclusion of electronic legal research costs. It appears to be an open question in the Sixth Circuit as to whether electronic legal research is allowable or whether these costs should be considered as part of the attorneys' hourly fee. *See Auto Alliance International, Inc. v. U.S. Customs Service*, 155 Fed. App. 265 (6th Cir. 2005) 226, 229. *See also, Deal v. Hamilton County Department of Education*, 258 Fed. App. 863 (6th Cir. 2007). In the absence of specific Sixth Circuit case law allowing electronic research, the Magistrate Judge will disallow the claim for electronic research in the amount of $903.05.[2]

The Magistrate Judge next considered the costs incurred for the use of a private investigator to do video taping of Sam and Mike Deb. It appears that some 83.5 hours were spent on surveillance at $65 an hour. The Magistrate Judge believes that this amount of $5,427.50 is excessive. A more reasonable fee, given the limited results achieved, would be to allow 40 hours at $65 per hour, or $2,600, for a reduction of $2,827.50.

The Magistrate Judge has reviewed the hourly rates claimed and finds that they do not exceed normal rates for this type of litigation by attorneys of this experience.

---

[2]The Magistrate Judge was unable to determine precisely how much of the Westlaw research totaling $903.03 was attributable to the contempt and how much was attributable to the injunction. For simplicity sake, I have simply deducted all of the electronic research from the contempt costs.

6

The Magistrate Judge has also reviewed the amount of time claimed in this matter, both for the original preparation and for the contempt proceedings. The Magistrate Judge would be inclined to reduce the amount of hours by 15% to account for some duplication. However, it appears that counsel have already reduced their fees by a substantial percentage from the actual hours billed. Accordingly, the Magistrate Judge will not further reduce the fees. The fees are certainly quite substantial; however, this case did involve lengthy proceedings involving the original issuance of an injunction and a two day contempt hearing. Much of this litigation was made necessary by the respondent's blatant efforts to avoid the consequences of the breach of the Premiere Dealer Agreement.

This is a case where the respondents violated the first rule of holes, which is, when you find yourself in a hole, quit digging. Their transparent and repeated efforts to avoid the consequences of their violations of the Premiere Dealer Agreement led to protracted litigation and, under the circumstances, the Magistrate Judge cannot say that the hours, as reduced by Plaintiff's counsel, are unreasonable.

Therefore, the Magistrate Judge recommends that attorneys' fees for the contempt be allowed in the amount of $188,922.24, and for expenses in the amount of $28,985.06, for a total of $218,810.35, and that these fees and expenses be taxed to the respondents jointly and severally.

As to the fees and expenses to the prevailing party for enforcement the terms of the Premiere Dealer Agreement, the Magistrate Judge recommends an award of attorneys' fees in the amount of $21,142.80, and expenses in the amount of $562.24 for a total of $21,705.04. These costs are awarded against TTYD.[3]

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has 10 days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have 10 days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within 10 days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this 19th day of November, 2009.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

---

[3]Given the location of all the respondents in New York State the Magistrate Judge would hope collection efforts would be undertaken there rather than in Tennessee.